Pearson, J.
 

 The Court charged, “that as the plaintiffs by their guardian, and under the sanction of a Court of Equity, had elected to treat their mother as guardian and charged her with the rent of the land, they could not now convert the defendant’s intestate into a wrong doer.”— 1 here is error.
 

 In
 
 Hardy
 
 v.
 
 Williams, 9
 
 Ire. 177, the same facts were presented between the same párties, in an action on the case in assumpsit for the rent of the land, and it was held that the action could not be sustained, because there was no privity between the plaintiffs, and the defendant’s intestate, and, “that, although it was at the election of the plaintiffs, to treat their mother as a wrong doer, or as their agent, they were not at liberty, by
 
 supposing
 
 her to be an agent, thereby to affect the rights of third
 
 persons,
 
 and make a privity, where none before existed,”
 

 This was a decision as to the legal effect of the pro* .ceedings and decree in Equity, by the plaintiffs against Mrs. Hardy, in which she was charged with the rent of the land, and it was held that the proceedings and decree did not have the legal effect of creating a privity of contract between the plaintiffs and the defendant’s intestate» because he was a third
 
 person
 
 and
 
 his rights could not be affected.
 
 For the very same reason his
 
 liability
 
 cannot be affected. When an attempt was made to charge him
 
 as a privy,
 
 he escaped upon the ground, that he was a third person and not bound by those proceedings, and now, that an attempt is made to charge him as a
 
 wrong doer,
 
 he cannot shift his ground, and involve the aid of those proceedings to relieve him from the position of a wrongdoer, by converting him into a privy. Estoppels must be.mutual, and who is not bound by them cannot take advantage of themi
 

 
 *502
 
 If the decree had been satisfied, then the defendant could have availed himself of it, not as an estoppel, but, a
 
 satisfaction
 
 of the cause of action.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.